## LOUIS CERMAK v. RUAN TRANSPORT CORPORATION AND ANOTHER.

168 N. W. (2d) 18.

May 9, 1969—No. 41597.

*Schermer, Gensler, Borkon & Ramstead* and *John D. Mariani,* for relator.
*Sahr, Kunert & Tambornino* and *John L. Tambornino,* for respondents.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission.

On April 5, 1966, petitioner, Louis Cermak, while employed as an over-the-road truck driver by Ruan Transport Corporation, injured his back when he attempted to keep the tractor-trailer unit he was then operating under control after a blowout of one of the front tires. He was paid disability benefits for temporary partial disability in the amount of $1,990.90 during the period from April 6, 1966 through July 7, 1967, together with hospital and medical expenses incurred by him during this time. The employer-insurer then discontinued payments asserting that there was no employment-related disability existing after July 7, 1967. Proceedings were instituted by the employee who claimed that he continued after that date to suffer a temporary total disability attributable to the accident. Although the referee to whom the matter was assigned for hearing found in favor of the employee, the Workmen's Compensation Commission, upon appeal by the employer-insurer, denied his claim, making these critical findings:

"That since July 7, 1967, the employe has been able to do sustained labor and has not been disabled.

"That the medical expenses in the sum of $255 incurred with Dr. Shapiro were not incurred for medical care and attention reasonably needed to cure and relieve from the effects of the employe's injury of April 5, 1966.

"That the employe is not presently in need of medical care and attention necessary to cure and relieve from the effects of his personal injury of April 5, 1966."

The only question for decision in this court is whether the findings of the Workmen's Compensation Commission are sustained by the evidence. We have examined the record in light of the briefs submitted by the parties and have concluded that the findings of fact made by the Workmen's Compensation Commission have adequate support.

Affirmed.